IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Case No.: 1:26-cv-70

| | |
|---|---|
| ARICA CROUSE, *on behalf of herself and those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>L J WINGS, INC. D/B/A WILD WING CAFÉ and DAVID L. MCFARLAND, INDIVIDUALLY AND AS AN EMPLOYEE/AGENT OF WILD WING CAFÉ<br><br>Defendants. | **CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES** |

1. Plaintiff Arica Crouse ("Plaintiff"), on behalf of herself and all similarly situated individuals, brings this Class Action against L J Wings, Inc. d/b/a Wild Wing Café and David L. McFarland (collectively "Defendants") to recover unpaid wages under the Fair Labor Standards Act (FLSA) and the North Carolina Wage and Hour Act (N.C. Gen. Stat. § 95-25.1, *et seq.* (NCWHA)) stemming from Defendants' tip theft and failure to pay wages due.

2. Defendants are involved in the ownership and operation of an establishment known as Wild Wing Café. David McFarland is the president and sole shareholder of L J Wings, Inc, the franchisee corporation.

3. Defendants adopted employment and compensation policies that applies to all employees.

4. Pursuant to Defendants' compensation and employment policies, rather than pay Plaintiff and similarly situated servers and bartenders an hourly wage that met or exceed the applicable hourly minimum wage, Defendants took a "tip credit" and paid Plaintiff and similarly

situated servers and bartenders' wages less than the applicable minimum wage required.

5. Under the FLSA and NCWHA Defendants were required to notify employees of the tip credit policy before taking a tip credit. Defendants did not notify Plaintiff and other employees of the tip credit policy.

6. Defendants required servers to share tips with non-tipped employees, including managers, who were not included in the tip pool.

7. Defendants also illegally used the tip pool to cover restaurant expenses including imbalances in the register at the end of a shift.

8. Defendants' employment policy results in the unlawful retention of tips and failure to pay wages due under the FLSA and NCWHA.

9. Plaintiff brings this action on behalf of herself and similarly situated current and former servers and bartenders who elect to op in pursuant to FLSA, 29 U.S.C. § 216(b), to remedy violations of the FLSA wage and hour provisions, 29 U.S.C. § 203(m)(2)(b), 29 U.S.C. § 207, *et seq.*, by Defendants.

10. Plaintiff also brings this action on behalf of herself and similarly situated current and former servers and bartenders in North Carolina, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the NCWHA, N.C. Gen. Stat. §§ 95-25.6, 95-25.8 and 95-25.22 against Defendants.

11. This action seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff with minimum wage as required by the FLSA, North Carolina Wage Payment Law (N.C. Gen. Stat. § 95-25.6), North Carolina Unpaid Wages Law (N.C. Gen. Stat. § 95-25.22) (collectively "North Carolina Wage and Hour Laws"), and damages under the theory of unjust enrichment.

2

## JURISDICTION AND VENUE

12. This Court has jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

13. This Court has supplemental jurisdiction over Plaintiff's North Carolina claims pursuant to 28 U.S.C. § 1367, as those claims are sufficiently related to the claims over which this Court has original jurisdiction and arise from the same case or controversy presented in this Complaint.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this judicial district, and a substantial part of the events giving rise to the claims occurred here.

15. The relevant time period is defined as the maximum statute of limitations allowable under the FLSA, North Carolina Wage and Hour Law, and the theory of unjust enrichment.

## PARTIES

**Plaintiff Arica Crouse**

16. Plaintiff Arica Crouse is an individual residing in Old Fort, North Carolina.

17. At all times relevant herein, Plaintiff was an "employee" of Defendant as defined in the FLSA and N.C. Gen. Stat. § 95-25.2.

18. Plaintiff was employed by Wild Wing Café from November 2023 until January 2025.

**Defendant L J Wings, Inc.**

19. L J Wings, Inc. is a North Carolina-registered corporation that has been involved in franchising operations, notably associated with the Wild Wing Cafe restaurant brand. Wild Wing Café is a food establishment that also serves alcohol with two locations in North Carolina, and 17 total locations spanning the Southeastern United States.

20. Defendant maintained its principal place of business in Asheville, North Carolina.

21. L J Wings, Inc. is or was the franchisee of Wild Wing Café during the relevant period.

22. L J Wings, Inc. is or was involved in the ownership and operation of the food and drink establishment known as Wild Wing Cafe.

23. L J Wings, Inc. through its agents supervised and directed the employment of Plaintiff and similarly situated employees.

24. L J Wings, Inc. is a corporation liable under the definition of "employer" set forth in the FLSA and N.C. Gen. Stat. § 95-25.2 because they own and operate Wild Wing Café or ultimately control significant aspects of the entity's day-to-day functions and controls the compensation of employees. 29 U.S.C. § 203(d).

25. At all relevant times, by virtue of their role as a franchisee of Wild Wing Café, L J Wings, Inc. had financial control over the operations at Wild Wing Café.

26. At all relevant times, by virtue of their role as franchisee of Wild Wing Café, L J Wings, Inc. has had a role in significant aspects of Wild Wing's day-to-day operations.

27. At all relevant times, by virtue of their role as franchisee of Wild Wing Café, L J Wings, Inc. had control over Wild Wing's pay policies.

28. At all relevant times, by virtue of their role as franchisee of Wild Wing Café, L J Wings, Inc. had power over personnel and payroll decisions at Wild Wing Café, including, but not limited to, influence over Plaintiff and similarly situated employees' rate of pay.

29. At all relevant times, by virtue of their role as franchisee of Wild Wing Café, L J Wings, Inc. had the power to hire, fire, and discipline employees, including Plaintiff and similarly situated employees.

30. At all relevant times, by virtue of their role as franchisee of Wild Wing Café, L J

Wings, Inc. had the power to transfer the assets and liabilities of Wild Wing Café.

31. At all relevant times, by virtue of their role as franchisee of Wild Wing Café, L J Wings, Inc. had the power to declare bankruptcy on behalf of Wild Wing Café.

32. At all relevant times, by virtue of their role as franchisee of Wild Wing Café, L J Wings, Inc. had the power to enter into contracts on behalf of Wild Wing Café.

33. At all relevant times, by virtue of their role as franchisee of Wild Wing Café, L J Wings, Inc. had the power to close, shut down, and/or sell Wild Wing Café products.

34. At all relevant times, by virtue of their role as franchisee of Wild Wing Café, L J Wings, Inc. had authority over the overall direction of Wild Wing Café and has been ultimately responsible for their operations.

35. L J Wings, Inc. has influence over how Wild Wing Café can run more profitably as the sole franchisee.

36. Upon information and belief, Wild Wing Café's gross revenue exceeds $500,000.

**Defendant David L. McFarland**

37. Defendant David L. McFarland is an individual residing in Fletcher, North Carolina.

38. Defendant David McFarland is the president and sole shareholder of L J Wings, Inc.

39. At all times relevant to this action, Defendant David McFarland is and was an "employer" of Plaintiff and the putative class members within the meaning of the Fair Labor Standards Act and N.C. Gen. Stat. § 95-25.2.

40. Defendant is the sole shareholder, president, and principal agent of L J Wings, Inc., which owns and operated the Wild Wing Café franchise in Arden, North Carolina. In addition,

Defendant owned and operated a separate Wild Wing Café franchise in Asheville, North Carolina, which remained in operation for several years before closing in July 2021.

41. Defendant David McFarland, by virtue of his role as President and shareholder of L J Wings, Inc., has power to enter into contracts on behalf of Wild Wing Café.

42. Defendant David McFarland, by virtue of his role as President and shareholder of L J Wings, Inc., has power to shut down and/or sell Wild Wing Café locations.

43. Defendant David McFarland, by virtue of his role as President and shareholder of L J Wings, Inc., has influence over how Wind Wing Café can run more profitably.

44. Defendant David McFarland has and had control over Plaintiff and similar situated employees' working conditions.

45. Defendant David McFarland has or had shared or determined matters governing the essential terms and conditions of employment for Plaintiff and similarly situated employees at Wild Wing Café's Arden location.

46. At all relevant times, Defendant David McFarland had and continues to have direct or indirect control over the terms and conditions of Plaintiff and similarly situated employees' work.

47. At all relevant times, Defendant David McFarland possessed the authority to control the terms and conditions of Plaintiff's employment and the employment of similarly situated employees and has exercised that authority.

48. Defendant David McFarland permits Plaintiff and similarly situated employees to work.

49. Defendant David McFarland has the authority to and does hire and fire employees, supervise and control work schedules and conditions of employees, determine the rate and method

of pay, and/or maintain employee records.

50. Defendant David McFarland has substantial control over Plaintiff and similarly situated employees' working conditions and over unlawful policies and practices as alleged herein.

51. Defendant David McFarland is an "employer" of Plaintiff and similarly situated employees as defined under the FLSA.

## FACTS

### CLASS-WIDE FACTUAL ALLEGATIONS

52. During all relevant times, Defendants were involved in the ownership and operation of a franchise of Wild Wing Café(s) in the Southeast United States.

53. Plaintiff and the similarly situated employees they seek to represent work or worked for Defendants in tipped positions meaning they were paid less than minimum wage and relied on tips to supplement their earnings.

54. During some or all of the relevant time period, Defendants violated 29 U.S.C. § 203(m)(2)(b) and 29 C.F.R. § 531.59 by unlawfully withholding tips earned by employees working in tipped positions.

55. During some or all of the relevant time period, Defendants violated 29 U.S.C. § 203(m)(2)(a) by failing to comply with the requirements for taking a tip credit.

56. During some or all of the relevant time period, Defendants forced Plaintiff and similarly situated employees to share tips with other employees, such as managers, who are not eligible to share in a tip pool.

57. During some or all of the relevant time period, Defendants took tips from the tip pool to cover restaurant expenses.

58. During some or all of the relevant time period, Plaintiff and similarly situated

employees were paid minimum wage minus a tip credit for hours worked.

59. During some or all of the relevant time period, Defendants failed to give Plaintiff and similarly situated employees notice of the tip credit policy.

**Plaintiff Arica Crouse's Experiences.**

60. Plaintiff worked for Defendants as a server in a tipped capacity during the relevant time period and was paid approximately $2.13 per hour.

61. As a server, Plaintiff's primary job duties included waiting on guests, serving food and drinks to guests, and ensuring a safe and healthy environment for guests.

62. During the course of her work duties, Plaintiff earned tips for serving food and drinks to Defendants' customers.

63. During some or all of the relevant time period, Plaintiff was paid minimum wage minus a tip credit for the hours she worked.

64. Defendants did not notify Plaintiff of the requirements for taking a tip credit under the FLSA and the NCWHA.

65. Defendants routinely retained tips earned by Plaintiff and/or diverted tips earned by Plaintiff to employees working in non-tipped capacities, including management.

66. Defendant required Plaintiff to pool her tips in a "tip pool" and would use part of the tip pool to pay for restaurant expenses, including drawer shortages.

67. Defendant failed to pay Plaintiff and similarly situated employees minimum wage.

68. By withholding and/or diverting tips and failing to provide notice of the tip credit under the FLSA and the NCWHA, Defendants forfeited the right to pay Plaintiff a tipped minimum wage and now owes her the difference between the tipped wage rate paid and full minimum for

every hour worked.

69. Plaintiff was not classified as exempt under either the FLSA or the North Carolina Wage and Hour Laws.

## COLLECTIVE ACTION ALLEGATIONS

70. Plaintiff brings the First and Second Counts under 29 U.S.C. 216(b) on behalf of herself and a collective class consisting of:

All current and former tipped workers employed by Defendants from January 27, 2023, and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

71. At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decisions, policies, plans, practices, procedures, protocols, and rules of willfully failing to properly take a tip credit from the wages of Plaintiff and the FLSA Collective, refusing to pay Plaintiff and the FLSA Collective minimum wage for all hours worked, and retaining employee tips.

72. Defendants' unlawful conduct is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay Plaintiff and the FLSA Collective.

73. Defendants are aware or should have been aware that federal law required them to pay employees at least minimum wage for all hours worked.

74. Defendants are aware or should have been aware that federal law prohibited them from retaining employee tips.

75. Defendants are aware or should have been aware that, in order to take a tip credit from the wage of Plaintiff and the FLSA Collective, the federal law required them to inform

Plaintiff and the FLSA Collective of the tip credit provisions of the FLSA and prohibited them from requiring Plaintiff and the FLSA Collective to share tips with employees who are not engaged in customer service, including the restaurant itself.

76. Defendants' unlawful conduct has been widespread, repeated, and consistent.

77. The First and Second Counts are properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

78. The FLSA Collective members are readily identifiable and ascertainable.

79. For the purpose of notice and other purposes related to this action, the FLSA Collective members' names, addresses, email addresses, and phone numbers are readily available from Defendants' records.

80. In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

81. Plaintiff brings the Third and Fourth Counts under Federal Rule of Civil Procedure 23, on behalf of herself and a class of persons consisting of:

> All current and former tipped employees employed by Defendants between January 27, 2024, and the date of final judgment in this matter ("Rule 23 Class").

82. Excluded from the Rule 23 Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

83. The number and identity of the Rule 23 Class Members are ascertainable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Rule 23 Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

84. The Rule 23 Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

85. Upon information and belief, there are more than 50 Rule 23 Class Members.

86. Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

87. Plaintiff and the Rule 23 Class Members were subject to the same corporate practices of the Defendants, as alleged herein, of failing to pay minimum wage, failing to properly take a tip credit from their wages, and failing to provide notice of tip credit policies.

88. Plaintiff and the Rule 23 Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with N.C. Gen. Stat. § 95-25.2 *et seq.*, and the doctrine of unjust enrichment.

89. Plaintiff and the Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Rule 23 Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class members.

90. Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

91. Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

92. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

93. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources, but treating the claims as a class action would result in significant savings of these costs. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class Members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not

parties.

94. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

95. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

   a. Whether Defendants required Plaintiff and the Rule 23 Class to share tips with employees or others who were not permitted to share in a tip pool;

   b. Whether Defendants improperly retained tips given to or intended for Plaintiff and the Rule 23 Class;

   c. Whether Defendants failed to notify employees of the tip credit policy;

   d. Whether Defendants' policy of failing to pay tips to Plaintiff and the Rule 23 Class was instituted willfully or with reckless disregard of the law;

   e. The nature and extent of class-wide injury and the measure of damages for those injuries; and

   f. Whether Plaintiff and the Rule 23 Class have conferred a benefit on Defendants, whether Defendants had knowledge of that benefit, and whether it would be unjust for Defendants to retain the benefit without restitution.

96. In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective and Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

## CAUSES OF ACTION

**COUNT I**
**FAILURE TO PAY MINIMUM WAGE – TIP THEFT**
**(FAIR LABOR STANDARDS ACT 29 U.S.C. § 203(m)(2)(B), *et seq.*)**
**(On Behalf of Plaintiff and the FLSA Collective)**

97. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

98. Plaintiff and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

99. Defendants violated the FLSA by improperly retaining tips received by Plaintiff and the FLSA Collective.

100. Defendants impermissibly required Plaintiff and the FLSA Collective to share tips earned with the business itself.

101. Defendants impermissibly required Plaintiff and the FLSA Collective to share tips with non-tipped employees.

102. Plaintiff and the FLSA Collective were denied proper minimum wage because Defendants paid them less than permissible minimum wage minus a tip credit.

103. Plaintiff and the FLSA Collective were denied proper minimum wage because they were required to share tips with parties and individuals who were not permitted to be included in a valid tip pool, including Defendants themselves, Defendants' managers, and Defendants' back of house employees.

104. During the relevant period, Defendants have violated and are violating the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing Plaintiff and the FLSA Collective Members in an enterprise engaged in commerce of in the production of commerce within the meaning of the FLSA and failing to pay employees at a minim wage rate.

105. By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

106. Plaintiff and the FLSA Collective have been damaged by Defendants' willful

failure to pay minimum wage as required by law.

107. As a result of Defendants' violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## COUNT II
### FAILURE TO PAY MINIMUM WAGE – TIP CREDIT NOTICE
### (FAIR LABOR STANDARDS ACT 29 U.S.C. § 203(m), *et seq*.)
### (On Behalf of Plaintiff and the FLSA Collective)

108. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

109. Plaintiff and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

110. Defendants did not provide Plaintiff and the FLSA Collective with a tip credit notice as required by 29 U.S.C. § 203(m).

111. Defendants' tip credit notice did not comply with 29 C.F.R. § 531.59(b).

112. Defendants' illegal practices in violation of the FLSA result in Defendants' forfeiture of the tip credit, and therefore, Defendants are precluded from relying on tips to supplement the subminimum hourly wage Defendants paid Plaintiff and the FLSA Collective.

113. By the acts and conduct described above, Defendants willfully violated the FLSA and disregarded the rights of Plaintiff and the FLSA Collective Class.

114. Plaintiff and the FLSA Collective Class have been damaged by Defendants' willful failure to pay minimum wage as required by law.

115. As a result of Defendants' violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and

attorneys' fees.

## COUNT III
## FAILURE TO PAY WAGES DUE
## (N.C. Gen. Stat. § 95-25.6, .8, and .22)
## (On Behalf of Plaintiff and the Rule 23 Class)

116. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

117. During all relevant times, Defendants were entities covered by N.C. Gen. Stat. § 95-25.6, and Plaintiff and the Rule 23 Class were employees within the meaning of N.C. Gen. Stat. § 95-25.2 and were not exempt from its protections.

118. N.C. Gen. Stat. § 95-25.6 requires that Defendants pay Plaintiff and the Rule 23 Class all wages and tips at least once each month on regular paydays established by Defendant.

119. N.C. Gen. Stat. § 95-25.2 defines "wages" as "compensation for labor or services rendered by an employee . . . [and] includes sick pay, vacation pay, severance pay, commissions, bonuses, and other amounts promised when the employer has a policy or a practice of making such payments."

120. Defendants are required to pay each employee at or above the minimum wage rate for all hours worked on regular paydays.

121. Plaintiff and putative Class Members are or were directed to work by Defendant but are or were not compensated at least the minimum wage rate for all time worked on regular paydays.

122. Because of Defendants' policies and practices with regard to compensating Plaintiff and putative Class Members, Defendant willfully failed to pay minimum wages due on regular paydays as required by the NCWHA.

123. Plaintiff and putative class members are entitled to recover all unpaid wages along with liquidated damages and statutory interest rates for Defendants failure to pay wages and tips accrued to employees on the regular payday.

124. N.C. Gen. Stat. § 95-25.8 establishes requirements that must be met before Defendants could withhold wages and imposes a mandatory obligation on Defendants to pay earned wages in full unless exceptions apply. Defendants did not obtain prior written consent from employees, nor were Defendants otherwise permitted to withhold wages under any applicable federal or state statute.

125. Defendants withheld Plaintiff's and putative Class Member's wages in a manner not authorized by N.C. Gen. Stat. § 95-25.8.

126. During all or part of the relevant time period, Defendants failed to properly distribute tip income to Plaintiff and the Rule 23 Class in violation of N.C. Gen. Stat. § 95-25.8.

127. As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to unpaid wages, including liquidated damages, interest, and attorneys' fees.

## COUNT IV
## UNJUST ENRICHMENT
### (On Behalf of Plaintiff and the Rule 23 Class)

128. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

129. Plaintiff and the Rule 23 Class have conferred a benefit upon Defendants.

130. For example, Defendants unlawfully retained the tipped employees' tips for their own purposes from all times relevant to the present.

131. Defendants further unlawfully retained tipped employees' tips to pay for restaurant expenses or cover imbalances in the cash register following shifts.

132. Defendants retained tips intended for Plaintiff and the Rule 23 class and failed to pay Plaintiff and the Rule 23 Class full wages due on the schedule paydays.

133. Defendants also obtained other benefits as a result of Plaintiff and the Rule 23 Class working under Defendants' compensation policy.

134. Defendants knew that Plaintiff and the Rule 23 Class conferred that benefit on Defendants.

135. Defendants did not compensate or under-compensated Plaintiff and the Rule 23 Class for these benefits.

136. Accordingly, Defendants' retention of these benefits under these circumstances would be unjust.

137. As a result of Defendants having been unjustly enriched, Plaintiff and the Rule 23 Class are entitled to compensation for the value of the benefit Plaintiff and the Rule 23 Class conferred on Defendants.

**WHEREFORE**, Plaintiff Arica Crouse prays for all of the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

B. Unpaid minimum wages, unlawfully retained tips, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Plaintiff as representative of the Rule 23 Class and counsel of record

as Class Counsel;

E. A declaratory judgment that the practices complained of herein are unlawful under N.C. Gen. Stat. § 95-25.8.

F. An award of unpaid minimum wages, unlawfully retained tips, and damages due under N.C. Gen. Stat. § 95-25.22.

G. Liquidated damages under N.C. Gen. Stat. § 95-25.22.

H. An award of the value of the benefits for which Defendants were unjustly enriched.

I. An award of prejudgment and post-judgment interest.

J. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

K. Such other legal and equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

Dated: March 6, 2026

Respectfully submitted,

/s/ *Scott C. Harris*
Scott C. Harris, NC Bar No. 35328
S. Michael Dunn, NC Bar No.47713
**BRYSON HARRIS**
**SUCIU & DeMAY, PLLC**
900 W. Morgan Street
Raleigh, NC 27603
sharris@brysonpllc.com
mdunn@brysonpllc.com

Philip J. Krzeski*
Elizabeth Orrick*
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Phone: (612) 339-7300
Fax: (612) 336-2940
pkrzeski@chestnutcambronne.com
eorrick@chestnutcambronne.com

*Counsel for Plaintiff and the putative class*
*\* Pro hac vice forthcoming*